Charles Joseph McCRACKEN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19093.

United States Court of Appeals
Fifth Circuit.

Feb. 5, 1962.

Johnny N. Tackett, Aberdeen, Miss., for appellant.

B. Euple Dozier, Asst. U. S. Atty., Oxford, Miss., H. M. Ray, U. S. Atty., Oxford, Miss., Alfred E. Moreton, III, Asst. U. S. Atty., Oxford, Miss., for appellee.

Before RIVES, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

The indictment charged that McCracken "had in his possession certain materials, to-wit: 5,000 pounds of Balboa rye, intended for use in violation of the Internal Revenue Laws; in violation of Section 5686(a), Title 26, United States Code."

He was arrested at a small house in the country while unloading 5,000 pounds of Balboa rye from a truck. In the building were about three hundred empty one-gallon jugs. An investigator for the Alcohol and Tobacco Tax Division testified that Balboa rye is a much used raw material in the manufacture of moonshine whiskey, and that the one-gallon glass jugs were of the kind in which moonshine whiskey was usually packaged.

Two questions are presented on appeal. First, that the motion to dismiss the indictment should have been sustained because it did not fairly apprise the defendant of the charge against him in that "rye" may mean either grain or whiskey. The indictment speaks of "5,000 pounds of Balboa rye." Grain is and whiskey is not usually measured in pounds. The point is almost frivolous.

The second objection is to the testimony of one of the investigators of the Alcohol and Tobacco Tax Division. He was asked whether McCracken had any other name and a general objection to that question was overruled. His answer and the subsequent objection and queries follow:

"A. I have heard him referred to by other people in that area.

"MR. TACKETT: I object to the answer of the question. He said he had heard Mr. McCracken referred to by other people in the area. Now he hasn't testified that the Defendant was present when he heard. I think it would be hearsay.

"THE COURT: Your objection is overruled.

"THE WITNESS: I heard him referred to as the jug man.

"BY MR. ROGERS: Q. The jug man?"

There was no further objection or motion. The appellant argues that this testimony reflected on the reputation of the defendant and hence should not have been admitted. No such ground of objection was assigned upon the trial. On the objection actually made, the evidence of guilt was so clear as to make the ruling harmless.

Finding no reversible error, the judgment is

Affirmed.